# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHARLES FORDJOUR, a/k/a,
CHARLES FORDJOUR RATHI,

    Plaintiff,

    vs.                                                                         No. CIV 99-0636 JC/DJS

MOTOROLA, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Transfer Venue, filed August 10, 1999 *[Doc. 9]*. Defendant moves the Court to transfer this cause to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

**I.**     **Background**

Plaintiff filed this lawsuit against his former employer, Motorola.[1] Plaintiff's Complaint, filed June 7, 1999 *[Doc. 1]*, is based on the allegation that Defendant illegally withdrew money from Plaintiff's bank account. At the time of the events described in the Complaint, Plaintiff was a resident of Glendale, Arizona, but maintained a residence and bank account in Albuquerque, New Mexico. Complaint at 2. Plaintiff was also employed at that time at a Motorola facility in Maricopa County, Arizona. Plaintiff is currently incarcerated in Arizona. The relevant Motorola departments and Defendant's attorneys are also located in Arizona.

---

[1] Plaintiff is suing Motorola and several of its departments. Since the departments are part of Motorola, Plaintiff is in essence suing just Motorola.

**II.     Discussion**

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Congress enacted § 1404(a) to allow for easy change of venue within a unified federal system. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). Before a court can transfer venue under § 1404(a), the transferee court must have personal and subject matter jurisdiction over the defendants. The party moving to transfer venue under § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Id*.

Exercise of the power to transfer under § 1404(a) lies in the sound discretion of the district court. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The trial court should decide a motion to transfer by giving consideration to the convenience of and fairness to the parties under the unique facts of the case. A court may examine the following factors:

> accessibility of witnesses and other sources of proof, including the availability of compulsory process; the cost of making the necessary proof; questions as to the enforceability of a judgment if there is one; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). Plaintiff's choice of forum is also entitled to substantial weight. *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993). However, "where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given reduced weight." *Id*. In general, the convenience of

the witnesses is arguably the most important criterion for the court to consider in deciding a motion to transfer venue. WRIGHT, MILLER & COOPER, 15 FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3851 (1986).

### A. Subject Matter and Personal Jurisdiction Over the Defendant in Arizona

Subject matter jurisdiction over Defendant in Arizona could be obtained pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists between Plaintiff and Defendant: Plaintiff is a resident of Arizona, and Defendant is a Delaware corporation with its principal place of business in Illinois. Also, the amount in controversy exceeds $75,000--Plaintiff is seeking more than $750,000 in damages. Complaint at 14. Moreover, since Defendant does substantial business in Arizona, it would likewise be subject to personal jurisdiction in Arizona. I, therefore, find that this case could have been brought in Arizona. Accordingly, Defendant has satisfied the first step in obtaining a change of venue.

### B. The *Chrysler Credit Corporation* Factors

Now, I will examine the factors laid out in *Chrysler Credit Corporation* to determine whether a change of venue is appropriate. The first factor concerns "'the accessibility of witnesses and other sources of proof, including the availability of compulsory process. . . .'" *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co.*, 371 F.2d at 147). The Motorola witnesses and documents are in Arizona as are the parties. In all likelihood, Plaintiff would have only one or so New Mexico witnesses to represent the bank and present any documentation the bank would possess. The majority of the non-party witnesses could not be compelled to testify at trial in New Mexico since any subpoena served upon them would be outside the District of New Mexico and more than

100 miles of the place of trial in Albuquerque, New Mexico. *See* FED. R. CIV. P. 45(e). I find that on balance the accessibility of witnesses and other sources of proof favors a change of venue to Arizona.

The second factor involves "'the cost of making the necessary proof.'" *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co.*, 371 F.2d at 147). Since the majority of the witnesses and documents are in Arizona as are the parties, the cost of conducting such activities as discovery in New Mexico would be excessive and unwarranted. Consequently, I find that the second factor also favors a change of venue.

The third, fourth, and fifth factors concern "'questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; [and] difficulties that may arise from congested dockets. . . .'" *Id*. These factors are not specifically addressed by the parties and so are deemed not to be of importance in determining whether to change the venue in this case.

The sixth factor is "'the possibility of the existence of questions arising in the area of conflict of local law. . . .'" *Id*. Plaintiff is concerned that his New Mexico state claims will not be heard under New Mexico law if this case is transferred to Arizona. However, "when a case is transferred under § 1404(a), the transferee court must apply the same law as applicable in the transferor court irrespective of whether the transfer was sought by the plaintiff or defendant." *Chrysler Credit Corp.*, 928 F.2d at 1515-16 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 528-29 (1990)). Consequently, the conflict of law factor does not weigh heavily in denying the motion for change of venue.

The final factors include "'the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co.*, 371 F.2d at 147). Even if an Arizona judge must make New Mexico law determinations, those

determinations would be based upon tort principles, principles which are not esoteric or peculiar to New Mexico. In general, the presence of the majority of the witnesses and documentation as well as the parties in Arizona makes a change of venue necessary to make the "'trial easy, expeditious and economical.'" Additionally, it appears that the operative fact, i.e., the decision to withdraw money from the Plaintiff's bank account, occurred in Arizona. The New Mexico bank simply carried out an instruction made in Arizona. Having reviewed all of the above relevant factors, I conclude that a change of venue is appropriate in this situation.

Wherefore,

IT IS ORDERED that Defendant's Motion to Transfer Venue, filed August 10, 1999 *[Doc. 9]*, is **granted**.

IT IS FURTHER ORDERED that this cause is **transferred** to the United States District Court for the District of Arizona.

DATED this 29th day of September, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Plaintiff *pro se*: | Charles Fordjour<br>Arizona State Prison Complex<br>Douglas, Arizona |
| Counsel for Defendant: | Monica L. Goebel<br>Jon T. Neumann<br>Elizabeth S. Call<br>Steptoe & Johnson, L.L.P.<br>Phoenix, Arizona |